# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER NUNN and SARAH NUNN,** ) ) ) **Plaintiffs,** ) ) v. ) ) **ALEXANDER LEE HUDDLESTON;** ) **TODD ALLEN CARPENTER; and** ) **EVERGREEN TRANSPORTATION,** ) **LLC;** ) ) **Defendants.** ) | **Case No:** _____ **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiffs, Christopher Nunn and Sarah Nunn (hereinafter "Plaintiffs"), bring this Complaint for damages and demand for jury trial against Defendants, Alexander Lee Huddleston (hereinafter "Huddleston"), Todd Allen Carpenter (hereinafter "Carpenter"), and Evergreen Transportation, LLC (hereinafter "Evergreen"), and state as follows:

### **PARTIES**

1. Plaintiffs are over the age of nineteen years and are resident citizens of Cullman County, Alabama.

2. Huddleston is over the age of nineteen years and is a citizen of Jefferson County, Alabama.

3. Carpenter is over the age of nineteen years and is a citizen of Washington County, Ohio. At all times material hereto, Carpenter was working as the agent and/or employee of Evergreen and was operating under Evergreen's authority and/or control.

4. Evergreen is a domestic corporation with its principal place of business in Wood County, West Virginia. Evergreen was doing business in the State of Alabama at all times material hereto.

## JURISDICTION AND VENUE

5. Plaintiffs and Huddleston are citizens of the state of Alabama. Carpenter is a citizen of the state of Ohio. Evergreen is a West Virginia corporation with its principal place of business in the state of West Virginia. The amount in controversy, without interest and costs, exceeds the sum of the value specified by 28 U.S.C. § 1332.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 given that the events giving rise to the Plaintiffs' claims occurred in this judicial district. The incident giving rise to the Plaintiffs claims occurred in Jefferson County, Alabama. Additionally, Alabama is the location of most of the evidence, witnesses, scene of the incident, police reports, medical treatment, and medical records.

## **STATEMENT OF THE FACTS**

7. Plaintiffs reaver and reallege the allegations of paragraphs one (1) through six (6) above and incorporate them herein.

8. On or about July 26, 2021 at approximately 12:44 p.m., Plaintiff Christopher Nunn, acting in his capacity as an Alabama State Trooper, was providing emergency vehicle lighting for a guardrail maintenance crew at a construction zone on I-65 between Mt. Olive Road, exit 272, and Fieldstown Road (exit 271) in rural Jefferson County, Alabama. Plaintiff Christopher Nunn was parked in his state issued 2018 Dodge Charger on the left shoulder of said interstate.

9. At approximately the same time, Huddleston was operating a 2006 Chrysler PT Cruiser and Carpenter was operating a 2018 Mack TT truck. Both Huddleston and Carpenter were traveling south on I-65 approaching said construction zone. At all times material hereto, Carpenter was working as an employee and/or agent driver of Evergreen and was acting within the line and scope of his employment as a driver for Evergreen.

10. Huddleston was traveling south in the left lane of I-65 while Carpenter was traveling south in the middle lane. Huddleston made an improper lane change from the left lane to the middle lane and struck Carpenter. Huddleston then struck an Alabama Department of Transportation vehicle parked on the left shoulder of the interstate before finally coming to rest in the left lane of I-65.

11. After being struck by Huddleston, Carpenter negligently failed to apply his brakes and ran off the interstate to the left and struck the metal guardrail. Carpenter then continued down the left shoulder and struck Plaintiff Christopher Nunn.

12. As a proximate consequence of the negligence and/or wantonness of Huddleston, Carpenter, and Evergreen, Plaintiff Christopher Nunn was injured and damaged and Plaintiff Sarah Nunn suffered the loss of use, lost wages, loss of services, loss of society and loss of companionship and other affections of her husband.

## COUNT ONE - 
## NEGLIGENCE OF HUDDLESTON

12. Plaintiffs reaver and reallege the allegations of paragraphs one (1) through 11 above and incorporate them herein.

13. Huddleston was negligent by improperly changing lanes, colliding with Carpenter, failing to exercise due care, failing to keep a proper lookout and failing to act in a reasonable and prudent manner in the operation of his vehicle.

14. As a proximate cause of Huddleston's negligence, Plaintiffs were injured and damaged as described above.

WHEREFORE, Plaintiffs demand judgment against Huddleston for compensatory and punitive damages in an amount that is mete, just and proper.

4

## COUNT TWO –
## <u>WANTONNESS OF HUDDLESTON</u>

15. Plaintiffs reaver and reallege the allegations of paragraphs one (1) through 14 above and incorporate them herein.

16. Huddleston was wanton and acted with a conscious or reckless disregard for the rights and safety of Plaintiff Christopher Nunn by knowingly and/or recklessly making an improper lane change, colliding with Carpenter, failing to exercise due care and failing to act reasonably. Huddleston knew or should have known that making an improper lane change was a conscious and/or reckless disregard for the rights and safety of others and this act caused Plaintiff Christopher Nunn to suffer serious physical injuries.

17. As a proximate cause of Huddleston's wantonness, Plaintiffs were injured and damaged as described above.

WHEREFORE, Plaintiffs demand judgment against Huddleston for compensatory and punitive damages in an amount that is mete, just and proper.

## COUNT THREE -
## <u>NEGLIGENCE OF CARPENTER</u>

18. Plaintiffs reaver and reallege the allegations of paragraphs one (1) through 17 above and incorporate them herein.

19. Carpenter was operating a truck within the line and scope of his employment with Evergreen. Carpenter was negligent by failing to keep his vehicle

under control, colliding with Plaintiff Christopher Nunn, failing to exercise due care, failing to keep a proper lookout, and failing to act in a reasonable and prudent manner in the operation of his vehicle.

20. As a proximate cause of Carpenter's negligence, Plaintiffs were injured and damaged as described above.

WHEREFORE, Plaintiffs demand judgment against Carpenter for compensatory and punitive damages in an amount that is mete, just and proper.

## COUNT FOUR – WANTONNESS OF CARPENTER

21. Plaintiffs reaver and reallege the allegations of paragraphs one (1) through 20 above and incorporate them herein.

22. Carpenter was operating a truck within the line and scope of his employment with Evergreen. Carpenter was wanton and acted with a conscious or reckless disregard for the rights and safety of Plaintiff Christopher Nunn by knowingly and/or recklessly failing to keep his vehicle under control, colliding with Plaintiff Christopher Nunn, failing to exercise due care, failing to keep a proper lookout, and failing to act in a reasonable and prudent manner in the operation of his vehicle. Carpenter knew or should have known that failing to keep his vehicle under control and failing to keep a proper lookout was a conscious and/or reckless disregard for the rights and safety of others and this act caused Plaintiff Christopher Nunn to suffer serious physical injuries.

23. As a proximate cause of Carpenter's wantonness, Plaintiffs were injured and damaged as described above.

WHEREFORE, Plaintiffs demand judgment against Carpenter for compensatory and punitive damages in an amount that is mete, just and proper.

## COUNT FIVE –
## NEGLIGENCE OF EVERGREEN

24. Plaintiffs reaver and reallege the allegations of paragraphs one (1) through 23 above and incorporate them herein.

25. On or about July 26, 2021, Carpenter was operating a truck within the line and scope of his employment with Evergreen. Carpenter negligently failed to keep his vehicle under control, failed to keep a proper lookout for others and caused injuries to Plaintiff Christopher Nunn.

26. At all times material hereto, and upon information and belief, Carpenter was on a mission for Evergreen and was acting as an employee and/or agent for Evergreen, thereby rendering Evergreen liable for his actions under the doctrine of *respondeat superior*.

27. The conduct of Carpenter, as described herein, was wrongful and/or negligent and renders Evergreen vicariously liable to Plaintiffs under the doctrine of *respondeat superior*.

28. As a proximate cause of Carpenter and Evergreen's negligence, Plaintiffs were injured and damaged as described above.

WHEREFORE, Plaintiffs demand judgment against Carpenter and Evergreen for compensatory and punitive damages in an amount that is mete, just and proper.

## COUNT SIX – <br> WANTONNESS OF EVERGREEN

29. Plaintiffs reaver and reallege the allegations of paragraphs one (1) through 28 above and incorporate them herein.

30. On or about July 26, 2021, Carpenter was operating a truck within the line and scope of his employment with Evergreen. Carpenter wantonly failed to keep his vehicle under control, failed to keep a proper lookout for others and caused injuries to Plaintiff Christopher Nunn.

31. At all times material hereto, and upon information and belief, Carpenter was on a mission for Evergreen and was acting as an employee and/or agent for Evergreen, thereby rendering Evergreen liable for his actions under the doctrine of *respondeat superior*.

32. The conduct of Carpenter, as described herein, was wrongful and/or wanton and renders Evergreen vicariously liable to Plaintiffs under the doctrine of *respondeat superior*.

33. As a proximate cause of Carpenter and Evergreen's wantonness, Plaintiffs were injured and damaged as described above.

WHEREFORE, Plaintiffs demand judgment against Carpenter and Evergreen for compensatory and punitive damages in an amount that is mete, just and proper.

## COUNT SEVEN –
## NEGLIGENT HIRING BY EVERGREEN

34. Plaintiffs reaver and reallege the allegations of paragraphs one (1) through 33 above and incorporate them herein.

35. Plaintiffs aver that Evergreen was negligent in hiring Carpenter.

36. Plaintiffs aver that inadequate screening, testing, background checks, and other such methods were utilized by Evergreen prior to extending an offer of employment to Carpenter.

37. Evergreen allowed or caused Johnson to operate a truck in violation of federal and state laws.

38. Plaintiffs aver that Evergreen's negligent hiring of Carpenter proximately caused Plaintiffs' injuries.

39. Plaintiffs further aver that the conduct of Evergreen and Carpenter combined and concurred to cause Plaintiffs' injuries.

WHEREFORE, Plaintiffs demand judgment against Carpenter and Evergreen for compensatory and punitive damages in an amount that is mete, just and proper.

## COUNT EIGHT –
## WANTON HIRING BY EVERGREEN

40. Plaintiffs reaver and reallege the allegations of paragraphs one (1) through 39 above and incorporate them herein.

41. Plaintiffs aver that Evergreen was wanton in hiring Carpenter.

42. Plaintiffs aver that inadequate screening, testing, background checks, and other such methods were utilized by Evergreen prior to extending an offer of employment to Carpenter.

43. Evergreen allowed or caused Johnson to operate a truck in violation of federal and state laws.

44. Plaintiffs aver that Evergreen's wanton hiring of Carpenter proximately caused Plaintiffs' injuries.

45. Plaintiffs further aver that the conduct of Evergreen and Carpenter combined and concurred to cause Plaintiffs' injuries.

WHEREFORE, Plaintiffs demand judgment against Carpenter and Evergreen for compensatory and punitive damages in an amount that is mete, just and proper.

## COUNT NINE – NEGLIGENT TRAINING BY EVERGREEN

46. Plaintiffs reaver and reallege the allegations of paragraphs one (1) through 45 above and incorporate them herein.

47. Plaintiffs aver that Evergreen was negligent in its training of Carpenter.

48. Evergreen allowed or caused Carpenter to operate a truck in violation of federal and state laws.

49. Plaintiffs aver that Evergreen's negligent training of Carpenter proximately caused Plaintiffs' injuries.

50. Plaintiffs further aver that the conduct of Evergreen and Carpenter combined and concurred to cause Plaintiffs' injuries.

WHEREFORE, Plaintiffs demand judgment against Carpenter and Evergreen for compensatory and punitive damages in an amount that is mete, just and proper.

## COUNT TEN –
## WANTON TRAINING BY EVERGREEN

51. Plaintiffs reaver and reallege the allegations of paragraphs one (1) through 50 above and incorporate them herein.

52. Plaintiffs aver that Evergreen was wanton in its training of Carpenter.

53. Evergreen allowed or caused Carpenter to operate a truck in violation of federal and state laws.

54. Plaintiffs aver that Evergreen's wanton training of Carpenter proximately caused Plaintiffs' injuries.

55. Plaintiffs further aver that the conduct of Evergreen and Carpenter combined and concurred to cause Plaintiffs' injuries.

WHEREFORE, Plaintiffs demand judgment against Carpenter and Evergreen for compensatory and punitive damages in an amount that is mete, just and proper.

## COUNT ELEVEN –
## NEGLIGENT SUPERVISION BY EVERGREEN

56. Plaintiffs reaver and reallege the allegations of paragraphs one (1) through 55 above and incorporate them herein.

57. Plaintiffs aver that Evergreen was negligent in its supervision of Carpenter.

58. Evergreen allowed or caused Carpenter to operate a truck in violation of federal and state laws.

59. Plaintiffs aver that Evergreen's negligent supervision of Carpenter proximately caused Plaintiffs' injuries.

60. Plaintiffs further aver that the conduct of Evergreen and Carpenter combined and concurred to cause Plaintiffs' injuries.

WHEREFORE, Plaintiffs demand judgment against Carpenter and Evergreen for compensatory and punitive damages in an amount that is mete, just and proper.

## COUNT TWELVE –
## WANTON SUPERVISION BY EVERGREEN

61. Plaintiffs reaver and reallege the allegations of paragraphs one (1) through 60 above and incorporate them herein.

62. Plaintiffs aver that Evergreen was wanton in its supervision of Carpenter.

63. Evergreen allowed or caused Carpenter to operate a truck in violation of federal and state laws.

64. Plaintiffs aver that Evergreen's wanton supervision of Carpenter proximately caused Plaintiffs' injuries.

65. Plaintiffs further aver that the conduct of Evergreen and Carpenter combined and concurred to cause Plaintiffs' injuries.

WHEREFORE, Plaintiffs demand judgment against Carpenter and Evergreen for compensatory and punitive damages in an amount that is mete, just and proper.

## COUNT THIRTEEN – LOSS OF CONSORTIUM

66. Plaintiffs reaver and reallege the allegations of paragraphs one (1) through 65 above and incorporate them herein.

67. Plaintiff, Sarah Nunn, due to the negligence and/or wantonness of the Defendants, which caused serious injury and medical complications to her spouse, Plaintiff Christopher Nunn, has suffered the loss of use, lost wages, loss of services, loss of society, loss of companionship and other affections of her husband, all of which are recoverable.  This loss of consortium is a direct result of the negligence and/or wantonness of the Defendants.

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory and punitive damages in an amount that is mete, just and proper.

## AD DAMNUM CLAUSE

68. Plaintiffs reaver and reallege the allegations of paragraphs one (1) through 67 above and incorporate them herein.

69. Plaintiffs allege that the conduct of the Defendants caused the accident giving rise to this lawsuit.  As a proximate consequence of the negligent and/or

wanton conduct of the Defendants, Plaintiffs suffered injuries and damages as described above.

WHEREFORE, Plaintiffs demand judgment against the Defendants for compensatory and punitive damages in an amount that is mete, just and proper.

**PLAINTIFFS REQUEST TRIAL BY STRUCK JURY**.

/s/ M. Todd Wheeles
M. Todd Wheeles
Luke M. Trammell

*Attorneys for Plaintiffs*

**OF COUNSEL:**

**MORRIS HAYNES**
3500 Blue Lake Drive, Suite 200
Birmingham, Alabama 35243
Phone: (205) 324-4008
Fax: (205) 324-0803
Email: twheeles@mhhlaw.net
ltrammell@mhhlaw.net